(No. 33886.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MELVIN HALL, Plaintiff in Error.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

HUNTER, WILSON & GARNETT, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

After a trial before the court, the defendant, Melvin Hall, was found guilty of armed robbery and sentenced

to a term of not less than two nor more than ten years in the penitentiary.

The defendant was jointly indicted in the criminal court of Cook County with Jimmy Young, Leon Chapman, and Lee Edward Green, all of whom pleaded guilty but testified for the defendant.

The case involves the robbery of a Chicago tavern, and the prosecution rests upon the testimony of the bartender and two police officers, plus a joint statement in which the four confessed to the crime. In arguing for a reversal, the defendant makes two contentions: (1) the court erred in admitting the statement; (2) the evidence is not sufficient to support a conviction.

Ivory Johnson, the bartender, told of Chapman and Green entering his tavern on November 14, 1954, and robbing him of $75. He later identified them at a police showup, where he also saw Young and the defendant. He testified that he had known the defendant for a long time and that the latter told him he would not have been in on the robbery if he had known it was Johnson's tavern. Ira Hunter, a police officer who was present at the time, corroborated Johnson's testimony that the defendant said he would not have been in on the robbery if he had known it was Johnson's tavern.

At this point in the trial, the assistant State's Attorney showed the defense counsel a statement, signed by the four, and asked if there would be any objection to its being introduced in evidence. A colloquy with the court ensued, during which defense counsel stated, in substance, that he would demand a showing that the defendant made the remarks attributed to him but that there would be no necessity for a hearing as to whether duress was used.

Whereupon, the assistant State's Attorney said he would need the testimony of Sergeant Smicklas, who did the questioning. But defense counsel said this was unnecessary, as he would stipulate that if the officer were called

he would say he asked the questions, the answers were given, and no duress was used.

The State then called officer Edgar Williams, who was also present when the statement was taken. He identified the statement, said that the four defendants, Sergeant Smicklas, a typist and himself were together in the room during the questioning and the typing, that each of the defendants was handed a copy of the statement to read, and that all signed in his presence. The statement was then offered in evidence and admitted without objection.

In the statement, the four defendants told of committing the robbery. They said Young and the defendant stayed in the car, while Green and Chapman went into the tavern and took the money, about $55. Hall said his share of this was $13 and, when asked about Ivory Johnson, said he never would have gone in on the robbery if he knew Johnson owned the place.

The defense sought to show by the testimony of the defendant and his three codefendants that he did not participate in the robbery. They testified that the defendant was at another tavern two blocks away at the time. They said they left the defendant there under the pretext of going to pick up some girls and at no time discussed the stick-up in his presence or gave him a share of the loot.

However, Young admitted that he told the police officer, in the joint statement, that he and the others, including the defendant, talked about robbing the tavern while they were riding around in the car, that he and the defendant stayed in the car while Green and Chapman went in, and that the defendant received about $12 of the stolen money. In his testimony, Young also stated that the defendant told the police at the showup that he, the defendant, drove the car in the robbery.

Most of the other testimony related to the taking of the statement which the defendant said he considered a mere formality and signed after just scanning it. He de-

nied making the incriminating remarks ascribed to him. The codefendants said the defendant was outside the room during much of the time that the statement was being taken and did not make some of the statements attributed to him.

We are satisfied, from a review of the record, that the trial court was justified in finding the defendant guilty. The defendant cannot complain of error in the admission of the statement, for he did not object to its admission at the time the State offered it in evidence or make any motion thereafter to have it stricken. But even apart from this written confession, there was sufficient evidence to support the conviction. The defense presented at most questions of fact to be resolved by the trial court. The judgment is affirmed.

*Judgment affirmed.*